**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID M. DIETZ and** | : | |
| **JENNIFER C. DIETZ,** | : | **Civil Action No. 1:08-cv-01058** |
| | : | |
| **Plaintiffs** | : | **(Chief Judge Kane)** |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONAL CITY MORTGAGE** | : | |
| **COMPANY,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Plaintiffs David and Jennifer Dietz initiated this suit on May 30, 2008, with the filing of a

six-count complaint against Defendant National City Mortgage Company.  (Doc. No. 1.)  In the

complaint, Plaintiffs allege, inter alia, that Defendant has improperly retained a mortgage on

their home at 489 Biesecker Road, Thomasville, Pennsylvania (the "Property").  (Id. at 2, 8–9.)

According to Plaintiffs, the Property is subject to foreclosure proceedings initiated by the Bank

of New York Trust—not a party to this suit—on July 12, 2007.  (Id. at 7.)  Before the Court is

Plaintiffs' motion for a preliminary injunction ordering Defendant to present for recording a

satisfaction piece concerning its mortgage on the Property[1] and a judgment declaring all

_____

[1] Pennsylvania's Mortgage Satisfaction Act, 21 Pa. Cons. Stat. Ann. §§ 721-1 to -12
(West 2008), provides in relevant part:

> Every mortgagee shall, upon receipt of payment of the entire mortgage obligation
> and tender of all required satisfaction and recording costs, present for recording in
> the office where the mortgage is recorded a duly executed satisfaction piece . . . .
> The satisfaction piece when recorded shall forever thereafter discharge, defeat and
> release the lien and debt of the mortgage.

Id. § 721-4.

mortgages, liens, notes, and loan documents executed by Plaintiffs in favor of Defendant null, void, and of no effect.[2]  (Doc. No. 2, at 7.)  Plaintiffs filed a brief in support of the motion on June 9, 2008.  (Doc. No. 4.)  Pursuant to local and federal rules, Defendant had eighteen days after service of Plaintiffs' brief—that is, from June 9 to June 27, 2008—within which to file a brief in opposition.  See M.D. Pa. L.R. 7.6 ("Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents, within fifteen (15) days after service of the movant's brief . . . ."); Fed. R. Civ. P. 6(d) (adding three days after the filing period would otherwise expire when service is made by electronic means).  As of July 7, 2008, Defendant had not entered an appearance, responded to the complaint, or filed a brief in opposition to the instant motion.

Plaintiffs allege that Defendant "is a publicly traded corporation with corporate headquarters at National City Center, 1900 East Ninth Street, Cleveland, Ohio."  (Doc. No. 1, at 1.)  In an affidavit filed June 23, 2008, Kathleen Moyer, a paralegal in the employ of Plaintiffs' counsel, attests that she sent the complaint, the instant motion, the brief in support thereof, and a summons issued by the Clerk of Court to Defendant via certified mail, return receipt requested, on June 9, 2008.  (Doc. No. 5, at 1-2.)  Attached as an exhibit to the affidavit is a return receipt dated June 12, 2008, bearing the printed name and signature of "Larry Paul" in the "Received by" section.  (Id. at 3.)  To the right of the signature are two check boxes by which Paul could have indicated whether he was, at the time of signing, the "Addressee" or the "Agent" of the addressee.  (Id.)  Neither box is checked.  (Id.)

---

[2] The relief sought by way of the instant motion is identical to that sought in count one of the complaint.  (Compare Doc. No. 1, at 8–9 with Doc. No. 2, at 7.)

Until a defendant has been served with the complaint in a manner specified by Rule 4 of the Federal Rules of Civil Procedure or otherwise consents to jurisdiction in a federal court, that court lacks personal jurisdiction over the defendant.  See Lampe v. Xouth, Inc., 952 F.2d 697, 701 (3d Cir. 1991); see also Fed. R. Civ. P. 4.  Federal Rule of Civil Procedure 4 provides that an individual may be served in a judicial district of the United States "by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(e).  The Pennsylvania Rules of Civil Procedure permit service of process outside of the Commonwealth to be made within ninety days of the filing of the complaint, Pa. R. Civ. P. 404, by "any form of mail requiring a receipt signed by the defendant or his authorized agent," Pa. R. Civ. P. 403.  Process may be served "at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."  Pa. R. Civ. P. 402(a)(iii).  Proof of service by mail must "include a return receipt . . . and be filed with the prothonotary," or, if the complaint was filed in federal court, the clerk of court.  Pa. R. Civ. P. 405(c)–(e).

The propriety of service under Pennsylvania law commonly depends upon the relationship between the person receiving process and the party to the litigation.  Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 485 (3d Cir. 1993).  Here, the return receipt provides no insight as to the relationship between the recipient, Larry Paul, and Defendant.  (Doc. No. 5, at 3.)  Therefore, any conclusion that Paul was the Defendant's "authorized agent," Pa. R. Civ. P. 402(a)(iii), when he signed the receipt would be purely speculative.  Moreover, there is not the least evidence that Defendant has knowledge, constructive or actual, of this suit.  Inasmuch as the "purpose behind the Pennsylvania rule on

service is to provide notice that litigation has commenced," 988 F.2d at 486, it seems reasonable

to assume that Defendant would have entered an appearance or otherwise acted to protect its

interests if it had received even one of the documents sent by Moyer.  However, it is not the

place of this Court to assume the propriety of service, one way or the other.  "Where service of

process is defective, the proper remedy is to set aside the service.  In that event, the action

remains open, but it cannot proceed against a defendant unless the plaintiff can thereafter effect

service on such defendant which is sufficient to vest jurisdiction in the court."  Collins v. Park,

621 A.2d 996, 999 (Pa. Super. Ct.), appeal denied by 637 A.2d 278 (1993).

**WHEREFORE**, **IT IS HEREBY ORDERED THAT**:

1.  Within twenty (20) days of the date of this order, Plaintiffs shall **FILE** with the Clerk of Court either:

> (a) a return of service, executed under penalty of perjury by the sheriff or other person making original process, setting forth the date, time, place, and manner of service, the identity of the person served, and any other facts necessary for the Court to ascertain whether proper service has been made, Pa. R. Civ. P. 405(b), or,

> (b) if process has been made by registered or certified mail, a return receipt signed by Defendant or its authorized agent, or,

> (c) if Defendant has refused to accept service by registered or certified mail and Plaintiff thereafter has served Defendant by ordinary mail, (i) the returned registered or certified letter with a notation that Defendant refused to accept delivery and (ii) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing, Pa. R. Civ. P. 405(c);

2.  In the event that Plaintiffs fail to file a return of service, a return receipt, or other documentation conclusively establishing that proper service has been made in accordance with the terms of this order and Defendant has not otherwise consented to this Court's jurisdiction, Plaintiffs' motion for a preliminary injunction and a declaratory judgment (Doc. No. 2) shall be **DENIED** without

prejudice as to Plaintiffs' right to re-file the motion subsequent to effecting proper service of process, thereby vesting jurisdiction in this Court, <u>see</u> <u>Weaver v. Martin</u>, 655 A.2d 180, 193 (Pa. Super. Ct. 1995) (explaining that, where service of process is improper, a trial court should permit the plaintiff "to attempt to effect proper service of process").


   S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania



Dated: July 21, 2008